(February 28, 1961)

■ RAYMOND G. MORAN, Respondent, v. WILLIAM J. LONG et al., Appellants, and PORT CHESTER IRON WORKS, INC., et al., Respondents.— Motions by respondent to dismiss appeals denied, on condition that appellants perfect the appeals and be ready to argue or submit them at the April Term, beginning March 27, 1961; appeals ordered on the calendar for said term. The records and appellants' brief must be served and filed on or before March 16, 1961. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

## THIRD DEPARTMENT, FEBRUARY, 1961

### (February 14, 1961)

■ BENEDICT V. D'AGOSTINA, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 34561.) — Appeal by the State from a judgment of the Court of Claims awarding damages to claimant in the sum of $68,500 for personal injuries and property damage. Claimant cross-appeals upon the ground that the award was inadequate. On July 29, 1955, claimant was proceeding in a southerly direction on Route 150 between Wynantskill and West Sand Lake, Rensselaer County when he was forced off the highway and onto the easterly shoulder by a truck backing from a driveway. The court also found that claimant lost control of his vehicle because of defective construction and maintenance of said shoulder, causing his vehicle to overturn. The evidence amply sustained the finding that the State was negligent. Although claimant suffered from amnesia and could not describe the accident, his freedom from contributory negligence was established by disinterested eyewitness testimony. The negligence of the State and contributory negligence of the claimant were questions of fact for the trial court and on this record the findings are amply supported by the evidence. We feel, however, that the award of damages was inadequate. Claimant was 46 years of age, in good health, when the accident occurred. He suffered cerebral concussion, a contusion to the left temporal lobe and to the upper mid-brain, a fractured clavicle and lacerations. At the Albany Hospital a tracheotomy, a bilateral temporal trephine, a right parietal and frontal trephine and a left temporal decompression were performed. Claimant was comatose until August 10, 1955. The damage to his brain has resulted in spasticity; weakness and in-co-ordination of the muscles of the right arm and leg; dysarthria in speech; change of personality characterized by irritability and temper outbursts; impairment of intellect and amnesia. He sustained permanent brain damage. He was confined to hospitals for 161 days and following his discharge required assistance in eating, shaving and bathing. Since the accident the medical evidence shows that claimant has been incapable of performing gainful employment and is permanently disabled from performing gainful employment. His average annual net income for the five years preceding the accident was $5,540. His income was minimal for the three years and eight months preceding the trial. He had a life expectancy at the time of trial of 24.4 years. His medical expense exceeded $5,000. The property damage was $685. The sum of $90,000 is a fair and proper award. Judgment modified by increasing the award to $90,000 and as so modified affirmed, with costs to claimant-appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.